DIXON, Judge.
This is a suit by a brick contractor for $1400.00, the balance due him under an agreement to do brick work on the defendant’s residence. The defendant reconvened for the cost of completing the job which he claimed the plaintiff agreed to do, and for damages. Defendant’s wife intervened, claiming damages for “mental anguish” and inconvenience.
There was judgment for the plaintiff in the amount of $1200.00, rejecting the demands of the defendant, plaintiff in recon-vention, and rejecting the demand of the intervenor, Mrs. Lois D. Bernatowicz.
Plaintiff signed a memorandum typed by Mrs. Bernatowicz, in which he agreed to do certain brick work on the Bernatowicz residence. He was to furnish the labor for bricking the exterior, for making a brick wall in a new den, for building a fireplace, and for doing certain other brick work generally designated in the memorandum. The price for the work was to have been $1500.00, and the memorandum recited that $200.00 had been advanced by the defendant to the plaintiff.
The plaintiff alleged that the work and certain “extras” had been completed. The defendant alleged that the plaintiff was guilty of poor workmanship and of an obstinate refusal to complete the work.
Evidence in the record shows that the work was substantially completed. Each witness who was qualified to testify about the workmanship testified that the work which plaintiff had completed had been done in a workmanlike manner, or that the workmanship was good. Plaintiff testified that he had been ordered not to return to the job on numerous occasions, and this seems not to have been contested by the defendant on the trial of the case. The record does not disclose adequate reason to hold the plaintiff in default under the agreement. Defendant’s wife’s numerous complaints are characterized by some witnesses as a matter of taste and personal preference, and did not result from poor workmanship. Nor does the record reflect that the plaintiff failed to perform his construction work in close communication with the defendant and his wife. The defendant and his wife wholly failed to prove their allegations of damages due to the fault of this plaintiff.
The trial court rendered judgment in favor of the plaintiff for $1200.00, or $200.00 less than the amount claimed by the plaintiff. (Plaintiff testified that he was entitled to $100.00 for certain extra work done). There were no written reasons *660 given for the judgment, and plaintiff has not appealed nor answered the appeal.
Since plaintiff’s work was, according to the evidence, of good workmanlike quality, and since the plaintiff was prevented by the defendant and his wife from completing the work which the plaintiff agreed to do, the defendant cannot recover the costs of completing the job.
Consequently, the judgment of the district court is affirmed, at the cost of the defendant-appellant and the intervenor-ap-pellant.